131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis FLORES, Petitioner-Appellee,
v.
Rosie GARCIA, Warden, Respondent-Appellant.
 No. 97-55317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Nov. 28, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-96-00220-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before: CANBY and THOMPSON, Circuit Judges, and MOLLOY,*** District Judge.
 MEMORANDUM*
 The district court ordered the issuance of the writ of habeas corpus because the state trial court failed to instruct the jury on the defense of third party duress. We reverse that order. We affirm, however, the district court's finding that Flores is entitled to an evidentiary hearing to determine whether he was prejudiced by the trial court's improper refusal to allow defense counsel to be present at the readback of testimony to the jury, and we remand the case to the district court for further proceedings.
 DISCUSSION
 Decisions to issue the writ are reviewed de novo, Calderon v. Prunty, 59 F.3d 1005, 1998 (9th Cir.1995), but the attendant factual findings are reviewed for clear error, Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995).
 1. Third party duress
 We reject the duress claim because it is based solely on an alleged violation of California law. Estelle v. McGuire, 502 U.S. 62 (1991), commands that state law claims constitute
 no part of a federal court's habeas review of a state conviction. We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.
 Id. at 67-68 (citations omitted)
 An error in a state court jury instruction raises a federal issue only if it "so infected the entire trial that the resulting conviction violates due process." Id. at 72 (citation omitted). That was not the case here.
 Indeed, we conclude that there was not even a violation of state law. California law only requires an instruction on a defense to be given if there is substantial evidence to support it and the defense is not inconsistent with the defendant's theory of the case. California v. Wickersham, 32 Cal.3d 307, 326 (1982).
 A defense that Flores acted under the duress of a threat to Gonzalez' children is plainly inconsistent with his theory of the case. Flores' trial counsel argued that "clearly Mr. Flores was not involved in this at all until the 14th [of April]" (after the initial abduction of Ms. Isordia). On the other hand, as the state court of appeals pointed cut, Flores "was already aware the children had been returned by [April 14] and he had spent leisure time with them and their mother at a motel after their return." In other words, there was no threat to the children by the time Flores claims he became involved in the kidnapping. A duress instruction would not, have been consistent with Flores, theory of the case and thus was not required by California law.[1]
 2. The readback of testimony
 Flores is entitled to an evidentiary hearing to determine whether he was prejudiced by the trial court's refusal to allow his counsel to be present at the readback of testimony to the jury.
 Failure to allow Flores to be present at readback is a Sixth Amendment trial error subject to harmless error review. Turner v. Marshall, 63 F.3d 807, 814-15 (9th Cir.1995). On collateral review, the district court must determine whether the error "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). The district court correctly understood that it should "only dispense with an evidentiary hearing if the record clearly indicate[s] that there was no prejudice." Turner, 63 F.3d at 815. In Turner, the court called for a hearing because the record provided no "analysis into the circumstances surrounding the readback." Id. Turner relied on the following passage from Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990):
 An evidentiary hearing on a habeas corpus petition is required whenever a petitioner's allegations, if proved, would entitle him to relief, and no state court trier of fact has, after a full and fair hearing, reliably found the relevant facts.
 Here no findings as to prejudice have been made by a trier of fact. Flores is entitled to a hearing. See, e.g. Hegler v. Borg, 50 F.3d 1472, 1474, 1476 (9th Cir.1995) (finding no prejudice where court reporter, who did not remember readback in questions, testified that she was trained to read back testimony in a neutral manner).
 REVERSED in part, AFFIRMED in part, and REMANDED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 * The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court found that Flores did rely on a duress defense, noting that his counsel at one point stated, "[Flores] is in this because [Gonzalez] is in danger and her children are in danger." The district court misinterpreted this statement. "In this" is not a reference to the kidnapping (counsel consistently maintained that Flares did not participate in the kidnapping). Rather, counsel argued that Flores helped Gonzalez in other ways (but not with the kidnapping) because of the threat to her and her children, and that he allowed allowed gun to remain in his car so as not to interfere. So much is clear when the above-quoted statement is presented in context. Counsel stated:
 Now, the gun found under the passenger seat .... if Manuel [the drug dealer whom Gonzalez and Marco robbed] is in charge and Manuel is armed, and they are approaching the border, what's [Flores] going to do with the gun, not throw it out the window.... [Flores] is in this because [Gonzalez] is in danger and her children are in danger and he's not going to mess things up by pulling a gun on Manuel at the border.
 The district court's finding that Flores argued that he participated in the kidnapping because of a threat to Gonzalez is clearly erroneous. And even if this finding were not clearly erroneous, the above-quoted statement would not support a duress instruction because it refers to an incident which occurred five days after the children were returned. It would therefore only entitle Flores to a necessity instruction, which he received.